## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. CURLEY, | ) | CASE NO. 5:20 CV 1185 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF AKRON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Richard L. Curley filed this action against the City of Akron, Summit County, the Summit County Court of Common Pleas, and an unknown Summit County Court Reporter. In the Complaint, Plaintiff asserts that the Defendants' policy of destroying court records older than ten years denied him due process and equal protection. He seeks monetary damages.

### I.     Background

Plaintiff was arrested in September 2000 and charged with receiving stolen property, uttering, and forgery. Burglary charges were added later. He alleges that shortly after his arrest, he gave a statement to police without proper Miranda warnings. The trial court denied his Motion to Suppress. On the advice of counsel, Plaintiff pled guilty to seven counts of burglary. In February 2001, the court sentenced him to three years incarceration on each count to be served

consecutively for an aggregate total sentence of twenty-one years. He does not indicate whether he appealed his conviction or sentence.

Seven years later, in August 2008, Plaintiff filed a Motion for Resentencing to include post release control. Plaintiff received the same prison sentence with the addition of post release control. He appealed that sentence in September 2008 and requested that the court provide him with copies of the transcript at state expense. The court denied that request in December 2008. He filed a Motion for Delayed Appeal in December 2008. That Motion was denied.

Petitioner received a another new sentence in May 2011, once again on the issue of post release control. Petitioner received the same prison sentence with the addition of language pertaining to post release control. He filed a Motion for Delayed Appeal in August 2011 and again asked for a transcript at state expense. The court denied both Motions.

Two years after that, Plaintiff asked the public defender for assistance in obtaining the transcript from his plea hearing in 2001. He did not receive a copy from that office.

In May 2014, thirteen years after his conviction, he field another Motion for Delayed Appeal saying he was unaware of his right to appeal. He also asked the court for copies of his plea hearing transcript. The Ohio appellate court denied the Motion for Delayed Appeal on May 23, 2014. In August 2014, a Summit County Court of Common Pleas Court Reported wrote to Plaintiff and indicated that due to the County retention policy regarding non-capital criminal cases, all records over ten years old were destroyed and a transcript could not be produced.

Plaintiff asserts that this policy denied him due process and equal protection. He contends that this right to appellate process was violated by the destruction of the transcript. He

also asserts he was denied equal protection because the records of inmates under a death sentence for capital murder are not destroyed. He seeks compensatory and punitive damages.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, the City of Akron is not a proper party to this case. Plaintiff's claims center on a policy of Summit County. The City of Akron, while located within the geographic borders of Summit County, is a separate legal entity. It is not an employee of Summit County as Plaintiff alleges. Plaintiff does not allege any facts pertaining to a policy of Akron that may have violated his constitutional rights. The City of Akron is dismissed as a party.

All of the remaining Defendants are subunits of Summit County. The claims against them are liberally construed as asserted against the County. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff attacks the County's official policy of destroying criminal records in noncapital cases that are over ten years old.

Plaintiff, however, has not demonstrated that this policy caused the deprivation of his constitutional rights. He filed Motions with the state courts from 2008 to 2014 to obtain a copy of the transcript at the state's expense but those Motions were denied. He did not pay to have the transcripts produced. His inability to obtain the transcripts in a timely manner was not caused by the records retention policy but rather by the state court rulings and his inability or failure to pay the fee to produce them. There is no indication in the Complaint that the retention policy caused a denial of due process.

Plaintiff's equal protection claim is also without merit. The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Plaintiff contends that he is being treated differently than inmates under a sentence of death because the record retention policy does not apply to them. He, however, is not similarly situated to inmates on death row and there is a rational basis for treating the two groups differently. The sentence of death is the most severe sentence that the state has and by its nature trial errors that may result in the execution of one not deserving of that punishment cannot be

corrected after the sentence is put into effect. The appeals process for a prisoner subject to death is very thorough and typically longer than the process for a prisoner not subject to death. This not only provides the reason Plaintiff is not similarly situated to inmates on death row, but also provides a rational basis for having a longer retention policy for records in capital cases. The record retention policy excluding capital cases did not deny Plaintiff equal protection.

Finally, even if Plaintiff had stated a claim for denial of due process or equal protection, his claims would be untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). Plaintiff was notified in 2014 that the Court no longer retained copies of the transcript. This action was filed in 2020, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

**IV.    Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

/s/ John R. Adams     10/19/20
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE